# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Jerilyn M. Greenhaw,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:26-cv-00451-ADA-SH** |
| **Commissioner of the Social Security** | § | |
| **Administration,** | § | |
| *Defendant* | § | |
| | § | |

## ORDER

Before the Court are Plaintiff Jerilyn M. Greenhaw's Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 1) and Complaint (Dkt. 1-1), both filed February 26, 2026.[1]

### I.   Motion to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant can pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Greenhaw's Application to Proceed *In Forma Pauperis*, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship. The Court **GRANTS** Greenhaw *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefore pursuant to 28 U.S.C. § 1915(a)(1). This

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

*in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Greenhaw at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Frivolousness Review Under Section 1915(e)(2)

Because Greenhaw has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Greenhaw applied for disability benefits under the Social Security Act. Dkt. 1-1 ¶ 1. An Administrative Law Judge denied her application, and the Appeals Council denied review. *Id.* ¶¶ 1, 6. She alleges that the decision to deny her application is "not supported by substantial evidence and [is] contrary to law and regulation." *Id.* ¶ 8. Greenhaw appeals a final administrative decision and seeks judicial review under 42 U.S.C. § 405(g). *Id.* ¶¶ 1-2. The Court finds that Greenhaw's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, this Magistrate Judge does not recommend that the District Court dismiss this case under § 1915(e)(2)(B).

### III.    Order

The Court **GRANTS** Greenhaw's Application to Proceed *In Forma Pauperis* (Dkt. 1) and

**ORDERS** her Complaint (Dkt. 1-1) to be filed without prepayment of fees or costs or giving

security therefore, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk notify the Commissioner of this action by

transmitting a Notice of Electronic Filing to the Social Security Administration's Office of General

Counsel and to the United States Attorney for the Western District of Texas pursuant to Rule 3 of

the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

**SIGNED** on April 2, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE